[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION IN RE: GILBANE BUILDING COMPANY'S MOTIONTO OPEN JUDGMENT FOR RECONSIDERATION AND/OR ARTICULATION PURSUANTTO CONNECTICUT PRACTICE BOOK § 204A AND STAMFORD TOWERS'OBJECTION TO GILBANE'S MOTION TO OPEN JUDGMENT FORRECONSIDERATION AND/OR ARTICULATION PURSUANT TO CONNECTICUTPRACTICE BOOK § 204A AND STAMFORD TOWERS' CROSS MOTION.
The plaintiff, Gilbane Building Company, (hereinafter "Gilbane") moved to have the court's decision of November 18, 1996 reviewed for reconsideration and/or articulation pursuant to Connecticut Practice Book § 204A on the following grounds:
 1. Stamford Tower's liability to Gilbane for its unpaid costs of construction was not addressed in the Memorandum of Decision;
 2. Stamford Tower's liability to Gilbane for its additional fee for tenant improvements and change orders was not addressed in the Memorandum of Decision;
 3. The balance due to Gilbane's other trade contractors, including B.T. CT Page 3330 Equipment, was not adequately addressed;
 4. Stamford Tower's liability to Gilbane for the balance due to Beer Precast Concrete, Ltd. (herein "Beer"), which was specifically found to be due in the prior arbitration between Gilbane and Edlar and which award was converted into a judgement of this Superior Court was not adequately addressed; and
 5. The failure to award interest was not properly addressed.
Stamford Towers Limited Partnership ("Stamford Towers") objected to that motion and filed a cross motion requesting that the court find that: "A. Both Gilbane's and Moliterno's Mechanic's Lien Claims are barred by the Lien Fund Defense"
"B. As Gilbane breached its duties regarding the Plaza works, the court erred in failing to award damages on Stamford Towers counterclaim".
GILBANE'S MOTION
After reviewing Gilbane's motion and its brief filed after the hearing, the court denies its request to change or alter its memorandum of decision of November 18, 1996 other than as is articulated herein.
CONSTRUCTION COSTS
While it is true that in the court's memorandum the court did not spell out "additional fee for tenant works, additional fee for extension of time, change orders, home office and field office expenses, data processing, insurance and costs for miscellaneous trade contractors, the court had carefully reviewed all the exhibits and the testimony of Mr. Kononchick on those issues and was not of the opinion that Gilbane had proved its burden of proof. All factual issues that were briefed were considered at length to determine their weight and credibility. The court believes that it did not abuse its discretion in not finding that those construction costs should be considered an obligation of Stamford Towers.
ARBITRATION
As to the claimed inconsistency in referring to arbitration, on page 14 of its memorandum, the court stated while discussing CT Page 3331 paragraph 5 of The Recision Agreement:
"Edlar and not Gilbane originally proposed paragraph 5. During the negotiation no party described it as a guaranty and during the arbitration proceedings Gilbane never made such a claim. It was in that forum that any of those amounts allegedly owed to Gilbane by STLP should have been decided." Then at page 21, while discussing the specific contractual duties of the parties to arbitrate, the court stated "that Gilbane could not have voluntarily asserted any such claims. . . Gilbane could not have been compelled to assert any such claims."
While it may appear that the quoted statements on pages 14 and 21 could be read as inconsistent, the quoted statements on page 14 were made when the court, was discussing paragraph 5 in general as it related to the present day trend to have all factual issues in major construction contracts resolved by arbitration. The quoted statements on page 21 were made while discussing the arbitration clause contained in the Development Agreement and C.M.A. Agreement. Both of those clauses were ordered to be complied with by the New York courts. On page 14 the court was expressing a desire in general for the use of arbitration . . . "in that forum" . . . "should have been made." . . . "an arbitration" while on page 21 the court was referring to the contractual duties of these specifics parties. In any event, the quoted statements on page 14 can be deleted without effecting the court's findings or conclusions on paragraph 5 of The Recision Agreement.
INTEREST NOT AWARDED
Quite simply, the court's concept of parties being in good faith includes the concept that they were not acting wrongfully as to each other. The court specifically finds that there was no wrongful detention of money.
STAMFORD TOWER'S CLAIM
After reviewing the claims of Stamford Towers, the court sustains the objection and denies the relief requested in the cross motion.
RYAN, J. CT Page 3332